IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
J & J SPORTS PRODUCTION, Inc.,    )
                                  )   2:10-cv-01049-GEB-EFB
          Plaintiff,              )
                                  )
     v.                           )   ORDER
                                  )
RAY MARIO ARROYO and RICHARD      )
DAVIS ARROYO, individually and    )
d/b/a ARROYO'S CAFE; and ARROYOS  )
CAFÉ & MOLINO ROJO, INC., an      )
unknown business entity d/b/a     )
ARROYO'S CAFE,                    )
                                  )
          Defendants.             )
_____)
```

On September 3, 2010, the parties filed a "Stipulation of Dismissal of Plaintiff's Complaint," in which they state this action is dismissed without prejudice "subject to the Court's jurisdiction to enforce the settlement agreement reached between the Parties."

The parties "Stipulation of Dismissal" erroneously assumes that the court will exercise jurisdiction over a provision in a settlement agreement it has not seen. "[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996). "A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent." Collins v. Thompson, 8 F.3d 657, 859 (9th Cir. 1993). Unless the federal court agrees to

1

1  exercise jurisdiction over a provision of a settlement agreement to
2  enforce the provision, "[t]he settlement is just another contract to be
3  enforced in the usual way, that is, by a fresh suit." Jessup v. Luther,
4  277 F.3d 926, 929 (7th Cir. 2002)(citing Kokkonen v. Guardian Life Ins.
5  Co., 511 U.S. 375, 378-82 (1994)) (additional citations omitted).
6  "Absent [the federal court's agreement to exercise jurisdiction over a
7  provision of a settlement agreement], enforcement of the settlement
8  agreement is for state courts, unless there is some independent basis
9  for federal jurisdiction." Kokkonen, 511 U.S. at 382.

10  Since the parties have settled this action, dismissed it
11 without prejudice, and provide insufficient reason for the Court to
12 continue exercising jurisdiction, this action is dismissed without
13 prejudice. See Oswalt v. Scripto, Inc., 616 F.2d 191, 195 (5th Cir.
14 1980) (finding that a dismissal representation "was sufficient to
15 constitute a dismissal under Rule 41(a)(1) even though there was no
16 formal dismissal or stipulation filed with the clerk."). Therefore,
17 this action shall be closed.

18  IT IS SO ORDERED.

19 Dated: September 14, 2010

21  GARLAND E. BURRELL, JR.
22  United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28